O

1

2

3

4

5

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11   TOMMY G. BISHOP,                    )    CASE NO. ED CV 13-00210 RZ
                                         )
12                    Plaintiff,         )
                                         )    MEMORANDUM OPINION AND
13          vs.                          )    ORDER
                                         )
14   CAROLYN W. COLVIN, Acting           )
     Commissioner of Social Security,    )
15                                       )
                      Defendant.         )
16   ─────────────────────────────────  )

17          Plaintiff Tommy G. Bishop claims that the Social Security Commissioner

18   wrongly denied disability benefits.  He presents two arguments.  First, he asserts that the

19   Administrative Law Judge (ALJ) improperly discredited, in part, Plaintiff's testimony

20   about his subjective symptoms.   Second, Plaintiff claims that the ALJ improperly

21   discounted the third-party statement of his (Plaintiff's) wife.  The Court disagrees on both

22   counts and will affirm.

23          Plaintiff complained that he was unable to work due to a combination of

24   impairments, most of which the second of two ALJs – after an initial 2010 decision was

25   remanded by the Appeals Council – agreed met the minimal test for being "severe."  These

26   included morbid obesity with treated sleep apnea; degeneration of the lumbosacral spine

27   and left knee; mood disorder; and abuse of multiple drugs.  *See* Administrative Record

28   (AR) 14.  The second ALJ agreed with Plaintiff that he was unable to return to his prior

1  work as a janitor. AR 18. Based in part on a partial discrediting of Plaintiff's subjective

2  complaints, however, the ALJ went on to find that Plaintiff's residual function capacity

3  (RFC) left him able to perform work for which jobs existed. AR15-20. Plaintiff argues

4  that the ALJ erred in discrediting Plaintiff's subjective testimony. The ALJ based her

5  credibility decision on a relative lack of evidence to support the Plaintiff's reported degree

6  of limitation, in addition to other factors.

7          An ALJ may consider whether the objective medical evidence supports the

8  degree of limitation alleged by a claimant, but the lack of such objective evidence "cannot

9  form the sole basis for discounting [subjective] testimony." *Burch v. Barnhart*, 400 F.3d

10  676, 681 (9th Cir. 2005). Here, the ALJ incorporated the prior ALJ's opinion, AR 12,

11  which cited several ways in which the objective medical evidence did not fully support

12  limitations jibing with Plaintiff's subjective account. AR 93-94. For example, Plaintiff

13  claimed to suffer one- to three-minute-long seizures bi-monthly, during which he lost

14  consciousness. AR 215. But the objective medical evidence, including a 2005 brain CT

15  study and 2009 cranial MRI, failed to support such a diagnosis. AR 93, 292 (2005

16  emergency room treatment record) ("CT Brain - Neg."), 355 (2009 MRI report suggesting

17  only a referral to otolaryngologist). (The initial ALJ noted later in his opinion that, even

18  if he granted Plaintiff the benefit of the doubt by assuming that a seizure disorder existed,

19  there were no indications that any "seizures cannot be completely controlled with"

20  medications. AR 94. On the contrary, Plaintiff "indicates he *always* takes prescribed

21  Dilantin which controls his seizures," yet "the record shows that he has been noncompliant

22  with prescribed care on at least one occasion[,] and there is no evidence to show that the

23  dosage is a therapeutic concentration[.]" AR 94, *citing* AR 290-302; *see also* AR 74

24  (testimony at first hearing). Finally, Plaintiff admitted at the first hearing, in June 2009,

25  that he had not had a seizure in 2009 and could not even remember the last time he had

26  suffered one. AR 94, 69-70.) Similarly lacking were objective medical findings to support

27  Plaintiff's reported degree of suffering from back pain and sleep apnea. AR 93 (noting that

28  "diagnosis" of "chronic back pain" at AR 352 was unsupported by medical evidence).

1  Substantial evidence thus supports the ALJ's finding that the objective findings did not

2  fully support Plaintiff's subjective complaints about the extent of his symptoms and

3  limitations.  As *Burch* explained, however, another factor is required, also supported by

4  substantial evidence.

5  Here, several additional factors, relevant in "ordinary techniques of credibility

6  evaluation," *see Thomas v. Barnhart*, 278 F3d 947, 958-60 (9th Cir. 2002), enjoy

7  evidentiary support in the record and were cited by one or both ALJs.  For example, as

8  noted immediately above, Plaintiff not only had been noncompliant in his medical regimen,

9  but he also falsely stated that he had been compliant.  Perhaps worse, Plaintiff repeatedly

10  avoided direct answers to routine questions during the 2009 hearing and during his field-

11  office interview.  AR 94 (decision), 63-79 (first ALJ's examination of Plaintiff), 206 (field

12  office agent's interview notes) (Plaintiff was "very, very, very evasive" in response to even

13  "simple questions").  Finally, the first ALJ noted that Plaintiff's reports of "lost"

14  prescriptions suggested drug-seeking behavior.  AR 94, 321 (2006 treatment notes stating,

15  "Pt. told we won't refill meds if lost again"); *see also* AR 300 (emergency room treatment

16  notes stating flatly, "Drug seeker").

17  Plaintiff's second and final argument is that the ALJ improperly discounted

18  Plaintiff's wife's third-party statement (AR 278-85).  The ALJ must base such third-party

19  credibility findings on "reasons that are germane to [the specific] witness."  *Dodrill v.*

20  *Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  Here, as the ALJ tacitly noted, AR 18,

21  Plaintiff's wife essentially parroted Plaintiff's own subjective account.  In many parts of

22  her statement, she supplies conclusory labels instead of describing the background facts

23  supporting the label.  For example, in response to the question on the form statement asking

24  *how* the claimant's ailments "affect his/her sleep," she answered in question-begging

25  fashion simply that "He has [a] sleeping disorder" – instead of stating something like, "He

26  snores loudly and, at times, stops breathing entirely and will repeatedly wake up."  AR

27  279.) Because the ALJ already gave sound reasons for discounting Plaintiff's own account,

28  it was proper for her to discount a third party statement apparently based on that account.

1    *Valentine v. Commissioner*, 574 F.3d 685, 694 (9th Cir. 2009).  (In contrast, it was error

2    – albeit a harmless error, in light of the foregoing – for the ALJ to cite Plaintiff's wife's

3    financial interest in his receiving benefits.  *Id.*)

4            In sum, the underlying opinion was free of material legal error and supported

5    by substantial evidence.  *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In

6    accordance with the foregoing, the decision of the Commissioner is affirmed.

7

8          DATED:  November 19, 2013

9

10                       _____

                            RALPH ZAREFSKY

11             UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28